UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID RICHARD SUTHERLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV409-060 |
| | ) | |
| BERRY GOODRICH, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner filed the instant 28 U.S.C. § 2254 petition on March 26, 2009, challenging his June 13, 2008 Chatham County Superior Court conviction for theft by taking, committing an unlawful act on public transit, possession of burglar tools, and interference with a safety device. (Doc. 1 at 2.) He seeks to proceed *in forma pauperis*. (Doc. 2.) Because he has demonstrated that he is unable to pay the filing fee, leave to proceed *in forma pauperis* is **GRANTED**. Nevertheless, as it plainly appears from the face of his petition that petitioner has failed to exhaust available state remedies, the petition should be summarily **DISMISSED**.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, Sutherland filed a writ of habeas corpus in the Superior Court of Chatham County, Georgia. (Doc. 1 at 2.) On January 25, 2009, the case was transferred to the Coffee County Superior Court, but as of yet, that court has taken no action. (*Id.* at 3.) The two-month delay, however, simply is not enough to invoke this Court's jurisdiction. Indeed, should the state habeas court deny his petition, Sutherland must petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition before his claims can be reviewed by this Court. *Pope v. Rich*, 358 F.3d 852, 853-54 (11th Cir. 2004).

By his own admission, petitioner has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court. As it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion. The Court also notes that this is Sutherland's second premature habeas petition. *See Sutherland v. Ammons*, No. CV408-240 (S.D. Ga. Jan. 5, 2009). Should he persist in filing petitions before his claims are exhausted, the Court may sanction him as an abusive litigant.

**SO REPORTED AND RECOMMENDED** this 30th day of March, 2009.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA